Granger v. NYC Transit Authority

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,

---

ROBERT GRANGER,

> *Plaintiff-Appellant*,

v.                                                                    No. 17-1076-cv

NEW YORK CITY TRANSIT AUTHORITY, MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY (MABSTOA),

> *Defendants-Appellees*.

---

| | |
|---|---|
| Appearing for *Plaintiff-Appellant*: | PAUL DASHEFSKY, Smithtown, N.Y. |
| Appearing for *Defendants-Appellees*: | ROBERT K. DRINAN, Executive Agency Counsel, *for* James B. Henly, General Counsel, New York City Transit Authority, Brooklyn, N.Y. |

---

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 22, 2017, is **AFFIRMED**.

Plaintiff Robert Granger appeals from a grant of summary judgment in favor of his employer, the Manhattan and Bronx Surface Transit Operating Authority, which is itself a subsidiary of the New York City Transit Authority (the Authority). Granger entered into a stipulation to resolve a grievance over the Authority's attempt to terminate him over two failed drug tests. Granger asserts that under the terms of the stipulation, he nevertheless retained the right to be considered for a door-opening promotion upgrade, while the Authority asserts that he surrendered any right to a promotion by entering the stipulation of demotion in lieu of a grievance hearing that would have led to his termination. Granger argues in response that the Authority's construction of the stipulation is a pretext for discrimination against him because of a perceived disability in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101–12117. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the grant of summary judgment, and we apply the same standards as the district court. *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 809 (2d Cir. 2009). We will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine dispute of material fact and the

2

movant's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193–94 (2d Cir. 2014). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). Granger asserts that a genuine dispute of material fact exists as to whether the Authority regarded him as disabled, whether he was qualified for the upgrade and promotion, and whether the denial was due to unlawful discriminatory animus.

The ADA prohibits discrimination against a "qualified individual on the basis of disability" in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). To establish a prima facie case under the ADA, a plaintiff must prove that: "(1) the [employment] is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)). If a plaintiff makes out his prima facie case, "the burden of production shifts to the employer to articulate a non-discriminatory reason for the adverse employment action," and if the employer

3

satisfies that burden, "the plaintiff must then produce evidence capable of carrying the burden of persuasion that the employer's action was at least in part motivated by discrimination." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).

Assuming without deciding that the Authority perceived Granger to be disabled, to avoid summary judgment he would still need to show that an illegitimate discriminatory reason played a motivating role in the employment decision. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999). Granger has not presented evidence that an illegal discriminatory motive played a motivating role in the Authority's decision to deny him promotion. Instead, the evidence overwhelmingly supports the Authority's explanation that it denied Granger a promotion for the legitimate, nondiscriminatory reason that he was in a job position in which he was not eligible for promotion outside of an agreement or an arbitrator's decision. *See id.* at 456.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court