11-300-cv
Stephan v. W. Irondequoit Cent. Sch. Dist.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

Present:     JON O. NEWMAN,
             RALPH K. WINTER,
             ROBERT A. KATZMANN,
                       *Circuit Judges*.

_____

CRYSTAL M. STEPHAN,

                   *Plaintiff-Appellant*,

- v. -                                              No. 11-300-cv

WEST IRONDEQUOIT CENTRAL SCHOOL
DISTRICT,

                   *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          BRYAN D. HETHERINGTON (Jonathan Feldman, Bernard F. Sheehan, *of counsel*, Karun Ahuja, Law Student, *on the brief*), Empire Justice Center, Rochester, N.Y.

For Defendant-Appellee:           MICHAEL P. MCCLAREN (Ryan G. Smith, *on the brief*), Webster Szanyi LLP, Buffalo, N.Y.

For *Amicus Curiae*:                          SUSAN J. PAPPY, White & Case LLP, New York, N.Y.,
                                              *for* the National Disability Rights Network


        Appeal from the United States District Court for the Western District of New York
(Larimer, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

        Plaintiff-appellant Crystal M. Stephan ("Stephan") appeals from a final judgment entered

on January 5, 2011 by the United States District Court for the Western District of New York

(Larimer, *J.*), in favor of defendant West Irondequoit Central School District (the "District"),

based on a January 4, 2011 decision and order in which the district court granted defendant's

motion for summary judgment in its entirety and dismissed Stephan's complaint with prejudice.

We assume the parties' familiarity with the facts and procedural history of the case.

        We review a district court's grant of summary judgment *de novo*. *Opals on Ice Lingerie,*

*Designs by Bernadette, Inc. v. Body Lines Inc.*, 320 F.3d 362, 367-68 (2d Cir. 2003). A district

court must grant summary judgment if "there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

        The ADA "prohibits discrimination against any 'qualified individual with a disability

because of the disability of such individual in regard to,' *inter alia*, 'discharge of employees.'"

*Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (quoting 42 U.S.C. §

12112(a)).[1]  Plaintiff's claims of employment discrimination are subject to the burden-shifting

---

[1] Although Congress amended the ADA in 2008 in order to expand its coverage, in this
case we apply the version of the statute in effect during the time period at issue, which ended

analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). First, a

plaintiff must show that:

> (1) h[er] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of h[er] job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of h[er] disability.

*Giordano*, 274 F.3d at 747. "[T]he standards adopted by Titles II and III of the ADA are, in

most cases, the same as those required under the Rehabilitation Act." *Powell v. Nat'l Bd. of*

*Medical Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004). Once a plaintiff has established a *prima facie*

case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the

adverse employment action. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir.

2000). The burden then returns to the plaintiff to furnish evidence that the reason offered by the

employer is a pretext. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993).

As a threshold matter, in order for Stephan to survive summary judgment on her

discrimination claims, as well as her failure to accommodate and hostile work environment

claims, there must be sufficient evidence in the record from which a reasonable jury could find

that Stephan is disabled within the meaning of the ADA. Under the ADA, a disability means:

"(A) a physical or mental impairment that substantially limits one or more of the major life

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having

such an impairment." *EEOC v. J.B. Hunt Transp., Inc.*, 321 F.3d 69, 74 (2d Cir. 2003) (quoting

42 U.S.C. § 12102(2)).

---

with Stephan's termination on February 13, 2007. *See* ADA Amendments Act of 2008, Pub. L. 110-325 § 8, 112 Stat. 3553, 3559 (2008) (providing that ADA amendments "shall become effective on January 1, 2009").

Here, we conclude that the district court properly granted the District summary judgment on Stephan's discrimination claims, including her failure to accommodate claim and hostile work environment claim. As we observed in *Bartlett v. New York State Bd. of Law Exam'rs*, 226 F.3d 69 (2d Cir. 2000), there must be a "causal 'nexus' between [the plaintiff's] impairment and her purported substantial limitation with respect to [a major life activity]," *id.* at 82, and, here, there is insufficient evidence that Stephan's alleged disability substantially limits her ability to perform a major life activity. The school records presented by Stephan point merely to an unspecified learning disability as opposed to a medically diagnosed impairment, and while Stephan testified that she has difficulty remembering appointments and paying bills, these problems alone do not demonstrate that Stephan is substantially limited in a major life activity as compared to most people. *See, e.g.*, *E.E.O.C. v. Sara Lee Corp.*, 237 F.3d 349, 353 (4th Cir. 2001) (holding that occasional forgetfulness is not a substantial limitation as "many . . . adults in the general population suffer from a few incidents of forgetfulness a week, and indeed must write things down in order to remember them"). As to Stephan's theory that she was regarded as disabled, although Stephan has testified that her supervisor, Lisa Gianforte, referred to her by derogatory names, such as "retard," "Special Edna," and "Crystal Meth," *see* J.A. 360-64, 386-87, because Gianforte did not have ultimate authority over hiring or firing decisions, these comments are insufficient to demonstrate that Stephan's employer regarded her as disabled. *See J.B. Hunt*, 321 F.3d at 76 (noting that "comments[] made by people other than the ultimate hiring authorities[] simply are not sufficient" to indicate that the employer regarded job candidates as disabled).

Having concluded that there is insufficient evidence to establish that Stephan was disabled within the meaning of the ADA, we next turn to Stephan's retaliation claim. To prove a case of retaliation, the plaintiff must demonstrate that (1) she was engaged in an activity protected by the ADA; (2) the employer was aware of the activity; (3) an employment action adverse to the plaintiff occurred; and (4) there was a causal connection between the protected activity and the adverse employment action. *See McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001). Here, the summary judgment record demonstrates that the District made the decision to fire Stephan before she filed any complaint with the District. While Stephan submitted her complaint to the District on January 24, 2007, email records confirm that the decision to terminate Stephan was made on January 19, 2007, just a few days after Stephan was witnessed giving away free food.[2] Thus, because there was no causal connection between Stephan's protected activity and her termination, we affirm the district court's grant of summary judgment with respect to this claim as well.

We have considered Stephan's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, CLERK

---

[2] While Stephan contends that she initially made a complaint either two months or five months before she was fired, she did not previously argue that this oral complaint constituted protected activity, and the argument is thus waived. *Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000).

5