16-2775-cv
Bruzzese v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand eighteen.

PRESENT:   BARRINGTON D. PARKER,
                RICHARD C. WESLEY,
                CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,

-----------------------------------------------------------------------

ADAM BRUZZESE,

          *Plaintiff-Appellant*,


      v.                               No. 16-2775-cv


JEFFERSON B. SESSIONS III, ATTORNEY GENERAL OF THE UNITED STATES,[*]

          *Defendant-Appellee.*

-----------------------------------------------------------------------


  FOR PLAINTIFF-APPELLANT:        HOWARD B. ZAKAI, Granger & Associates, LLC, New York, New York.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as the Defendant-Appellee in this case.

FOR DEFENDANT-APPELLEE:    JAMES R. CHO, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a June 9, 2016, judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Adam Bruzzese appeals from a judgment of the district court granting Defendant-Appellee's motion for summary judgment.[1] Bruzzese challenges the dismissal of his claim of unlawful discrimination pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.* We assume the parties' familiarity with the underlying facts, the record of the prior proceedings, and issues on appeal, and repeat them here only as necessary to explain our decision to affirm.

Bruzzese worked as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") from May 2000 until June 2009. Bruzzese's position required him to carry a firearm. This appeal arises out of the decision of Bruzzese's supervisor, ATF Special Agent in Charge Ronald Turk ("SAC Turk" or "Turk"), to reassign him to a non-law-enforcement position within the ATF in June 2009. Bruzzese contends SAC Turk reassigned him because Turk regarded Bruzzese as suffering from a mental impairment.

SAC Turk based his decision to reassign Bruzzese on the following: (1) reports of Bruzzese's behavior from Bruzzese's supervisors and other agents, particularly Group Supervisor Eric Immesberger ("Supervisor Immesberger" or "Immesberger") and Assistant Special Agent in Charge Delano Reid ("ASAC Reid" or "Reid"); and (2) a Fitness for Duty Evaluation Report ("FFD Report" or "Report") prepared by Dr. Haviva Goldhagen of the Federal Occupational Health Services branch of the Department of Health & Human Services ("FOH").

---

[1] The Defendant-Appellee is the Attorney General of the United States. The Department of Justice administers the Bureau of Alcohol, Tobacco, Firearms and Explosives.

2

SAC Turk learned from ASAC Reid and Supervisor Immesberger that they were concerned about Bruzzese's "mental and emotional stability" and that Bruzzese had made "homicidal and suicidal comments." Joint App. at 2657. At his deposition, Turk acknowledged that he was "worried about . . . Bruzzese's mental and emotional stability" based on what Reid and Immesberger told him. Joint App. at 1406. Among other examples, Reid told Turk that Bruzzese had become "exceedingly excited" and "openly irate" with his supervisor when an undercover gun purchase had been delayed, and that on another occasion, Bruzzese had locked himself inside his car during an enforcement operation after having an argument with his supervisor. Joint App. at 2657.

Dr. Goldhagen's FFD Report was based on her review of medical, psychological, and psychiatric evaluations of Bruzzese that other professionals conducted. The FFD Report includes both the findings of those evaluations and accounts of incidents ASAC Reid and Supervisor Immesberger reported to SAC Turk. The Report concludes, consistent with the psychological and psychiatric evaluations, that Bruzzese did not have a mental health condition or a personality disorder, but that Bruzzese's reported behavior evinced histrionic and narcissistic personality traits.[2] The Report indicates that the psychological and the psychiatric evaluations concluded that Bruzzese's behavior could support an administrative decision by the ATF to restrict him from carrying a weapon and performing certain law enforcement duties. Moreover, the Report concludes that, based on the presence of these personality traits, Bruzzese's "suitability for a law enforcement job is questionable," Joint App. at 797, and "management is strongly encouraged to continue to restrict SA Bruzzese's arming authority pending further training and other measures designed to improve [his] ability to effect more reasoned, thoughtful, and appropriate decisions[.]" Joint App. at 798.

Following SAC Turk's decision to reassign him, Bruzzese filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") on August 20, 2009, alleging the ATF discriminated against him based on a perceived mental disability. An EEOC Administrative Judge found that Bruzzese had failed to show discrimination, the ATF adopted this finding, and the EEOC's Office of Federal Operations affirmed the ATF's decision.

---

[2] The FFD report's summary of the psychological evaluation clarifies that "histrionic" personality characteristics include "proneness to react more easily, often[,] and extremely to challenges than is normally the case[,]" while "narcissistic" characteristics include "the tendency to be self-centered, to see things only from [one's own] perspective and accordingly, to feel (easily) justified in defending [one's own] stance." Joint App. at 792.

3

Bruzzese filed suit in the United States District Court for the Eastern District of New York on October 18, 2013, bringing employment discrimination claims under the Rehabilitation Act.[3]   On November 16, 2015, Defendant-Appellee moved for summary judgment.   On June 8, 2016, the district court granted Defendant-Appellee's motion, concluding that Bruzzese's diagnosed personality traits rendered him unqualified to be a Special Agent with a firearm; that Bruzzese was not disabled and SAC Turk did not regard him as such; that as a result, his transfer was not motivated by a disability or the perception of a disability; and that, in any event, defendant had offered legitimate, non-discriminatory reasons for the transfer.   On appeal, Bruzzese argues that the district court erred on all four grounds, and the grant of summary judgment should be reversed.

We review the district court's grant of summary judgment *de novo*.   *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 71 (2d Cir. 2016).   We "resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, and will affirm summary judgment only if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   *Id.* at 71–72 (internal quotation marks, citations, and alterations omitted).   However, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to defeat summary judgment.   *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

In evaluating an employment discrimination claim under the Rehabilitation Act, we apply the relevant standards set forth in the Americans with Disabilities Act of 1990 ("ADA").   29 U.S.C. §§ 791(f), 794(d) (specifying that, in employment discrimination cases, the standards for determining whether these sections of the Rehabilitation Act have been violated are "the standards applied under title I" and "sections 501 through 504, and 510" of the ADA).   The elements of a *prima facie* case are: "(1) the employer is subject to the [Rehabilitation Act]; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (per curiam) (setting forth elements of *prima facie* ADA case).

"Disability" is defined in the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such

---

[3] Bruzzese initially challenged both his initial temporary reassignment and his permanent reassignment, but did not pursue the former before the district court.   Thus, only the permanent reassignment is challenged on appeal.

4

an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). An individual is "regarded as" disabled if she has an "actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). Under regulations promulgated by the EEOC,[4] mental impairment is defined as "[a]ny mental or psychological disorder," including "emotional or mental illness . . ." 29 C.F.R. § 1630.2(h)(2) (2012). By contrast, "common personality traits such as poor judgment or a quick temper" are not themselves impairments if they are not "symptoms of a mental or psychological disorder." 29 C.F.R. Pt. 1630, App. § 1630.2(h) (2016).

To determine whether a plaintiff's employer regards her as disabled, we look primarily to the views of the person who made the decision to take adverse employment actions, rather than those of other supervisors or employees. *See Stephan v. W. Irondequoit Cent. Sch. Dist.*, 450 F. App'x 77, 80 (2d Cir. 2011) (summary order); *EEOC v. J.B. Hunt Transp., Inc.*, 321 F.3d 69, 76 (2d Cir. 2003) (*superseded by statute on other grounds as stated in Wegner v. Upstate Farms Coop, Inc.*, 560 F. App'x 22, 23 (2d Cir. 2014) (summary order)).

Having reviewed the record on appeal, we agree with the district court that summary judgment was warranted because Bruzzese did not raise a genuine dispute of material fact as to whether SAC Turk, the decisionmaker in this case, regarded him as disabled.

First, none of the FOH professionals whose findings were detailed in the FFD Report, upon which SAC Turk relied, concluded Bruzzese suffered from a mental, emotional, or personality disorder, or a mental illness. Rather, the psychological and psychiatric evaluations, as well as Dr. Goldhagen's overall evaluation, attributed Bruzzese's behavior to personality traits that likely would compromise Bruzzese's ability to perform all of the duties as an armed ATF agent. Personality traits are not, by themselves, a mental impairment. 29 C.F.R. Pt. 1630, App. § 1630.2(h). There is no evidence Turk disagreed with, rejected, or misunderstood these conclusions.

Second, to the extent ASAC Reid's or Supervisor Immesberger's opinions about Bruzzese's mental condition or behavior may have differed from those expressed in the FFD Report, the record does not support the inference that SAC Turk adopted these opinions, even if he did rely on Reid and Immesberger for factual information. Substantially all of the behavior that Reid and Immesberger reported to Turk (including

---

[4] "We accord great deference to the EEOC's interpretation of the ADA, since it is charged with administering the statute." *Francis v. City of Meriden*, 129 F.3d 281, 283 n.1 (2d Cir. 1997) (internal quotation marks omitted).

Bruzzese's "homicidal and suicidal comments") was also described in the FFD Report as having been considered and accounted for by the FOH professionals. Thus, there is no evidence Turk regarded Bruzzese as disabled based on any additional information from Reid and Immesberger.

Finally, we find that SAC Turk's acknowledgement that he was "worried about . . . Bruzzese's mental and emotional stability," Joint App. at 1406, is not more than a mere "scintilla" of evidence that Turk regarded Bruzzese as disabled. *See Lyons*, 681 F.3d at 56. Viewed in context with all the other evidence in the record, even in the light most favorable to Bruzzese, a reasonable fact-finder would not understand Turk's comment to refer to any mental disability, or to disagree with the FFD Report's conclusion that Bruzzese was not disabled, but rather to express Turk's concerns about Bruzzese's behavior and how it affected his ability to be a safe and effective armed law-enforcement officer.

\* \* \*

We have considered Bruzzese's remaining arguments and conclude that they are without merit.[5] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Because summary judgment was warranted on the "regarded-as-disabled" element of Bruzzese's claim, we need not consider the other grounds on which the district court granted summary judgment.