*Lopez v. White Plains Hosp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
>> *Circuit Judges.*

_____

VALERIA LOPEZ,

> *Plaintiff-Appellant*,

> v.                                                                 No. 22-817

WHITE PLAINS HOSPITAL, DEAN AKBAR, individually, CINDY GANUNG, individually, DIANE WOOLLEY, individually, DANIEL KEARNEY, individually,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | Steven Fingerhut, Stefanie Shmil, Phillips & Associates, Attorneys at Law, PLLC, New York, NY. |
| **For Defendants-Appellees:** | Marianne Monroy, Harpreet Kaur, Garfunkel Wild, P.C., Great Neck, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Valeria Lopez appeals from the district court's grant of summary judgment in favor of her former employer, the White Plains Hospital ("Hospital"), and others, on her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*   On appeal, Lopez challenges the district court's determination that she failed to establish a prima facie case of retaliation under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).   We review a district court's grant of summary judgment de novo, *see Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any

2

material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In considering Lopez's retaliation claims, we employ the familiar *McDonnell Douglas* burden-shifting framework, which applies equally to Title VII and NYSHRL claims. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). To establish a prima facie case of retaliation, Lopez must demonstrate that (1) she engaged in a protected activity; (2) her exercise of that right was known to the Hospital; (3) she suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). If Lopez makes out this prima facie case, the burden shifts to the Hospital to articulate "a legitimate, non-discriminatory reason for its actions." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). If the Hospital carries its burden, Lopez must then prove that the reasons it offered were a pretext for retaliation. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013).

Although the district court determined that Lopez proffered sufficient evidence to make a prima facie case as to the first three elements of her retaliation

claim, it concluded that she failed to establish a causal connection between her internal discrimination complaint and her termination. We agree.

Here, the testimonial evidence uniformly shows that the decision to fire Lopez was made *before* she filed her internal complaint on January 11, 2019. Dean Akbar, Lopez's supervisor, testified that he made his "final decision" to fire Lopez on January 8. J. App'x at 188. Later that day, Akbar communicated his plan to Diane Woolley, the Hospital's Chief Human Resources Officer, who testified that they agreed on a plan to terminate Lopez at her next check-in meeting with Akbar on January 17.[1] Cindy Ganung and Daniel Kearney, the Hospital's Directors of Human Resources, corroborated Woolley's testimony, averring that, on January 10, Akbar told them that he and Woolley had agreed on a plan to fire Lopez. *See id.* at 440 ("Akbar stated that [Lopez's] attitude solidified his decision to terminate her employment with the approval of the Chief of Human Resources, Ms. Diane Woolley, given on January 8, 2019."); *id.* at 448 ("Akbar informed me that after speaking with [Lopez] on January 8, 2019, he met with Ms. Woolley later in the day and she approved [Lopez's] termination."). Based on this record, it is clear

---

[1] While Akbar had planned on terminating Lopez on January 17, he subsequently decided to terminate her on January 15 after she called in sick that day, since "there was no point to having [Lopez] report to work for one additional day, which would not have benefited either [Lopez] or [the Hospital]." J. App'x at 425.

that the decision to fire Lopez predated her filing an internal complaint. Accordingly, Lopez cannot show that she would not have been fired "in the absence of the retaliatory motive." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015) (internal quotation marks omitted); *see also Stephan v. W. Irondequoit Cent. Sch. Dist.*, 450 F. App'x 77, 80 (2d Cir. 2011) (finding no causal connection between the protected activity and adverse employment action where, as here, the employee had submitted her internal complaint after the decision to terminate her was made).

But even assuming that Lopez could make out a prima facie case of retaliation, the Hospital has offered non-retaliatory reasons for her termination – reasons that Lopez has not shown to be pretextual. Akbar testified that his decision to fire Lopez was based on her poor job performance and inability to take criticism or be supervised. On these points, Lopez herself admitted that she was struggling in her role and not adjusting well. *See, e.g.,* J. App'x at 61 (admitting that Akbar expressed concerns that she spoke as if her "opinion was the only opinion that mattered"); *id.* at 77 (admitting that, when presenting at orientation, "it was probably inappropriate" to invite only women to use the restroom during a programming break); *id.* at 79 (admitting that she presented on a topic without

5

the required "certification"). And when Akbar sought to provide Lopez with feedback, she repeatedly pushed back. *See, e.g.*, *id.* at 62 (admonishing Akbar that she would have better received the type of feedback he was giving her if "there was a relationship there"); *id.* at 81 (objecting to feedback on the ground that it was not being delivered by someone who was in the room and who had taken offense to her gender-based comment); *id.* at 81–82 (complaining that Akbar was making a "big deal" out of an "innocuous" issue). These were the reasons relied upon by Akbar and Woolley when they reached the decision to fire Lopez on January 8, 2019. Because Lopez has not shown that the Hospital's performance and behavioral concerns were a pretext for retaliation, such as by demonstrating that the proffered explanations were implausible, inconsistent, or contradictory, Lopez has also failed to satisfy her burden at step three of the *McDonnell Douglas* test. *See Zann Kwan*, 737 F.3d at 846; *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70–71 (2d Cir. 2015) (holding that employee's record of lack of "collegiality" and "poor judgment" were legitimate, non-retaliatory bases for employer's adverse employment decision).

Lopez makes much of the fact that an internal document prepared by Akbar memorializing the decision to fire her was created on January 14 – three days after

she filed her internal complaint. But the fact that the document was created after Lopez had filed her internal complaint does not raise a genuine dispute as to when the decision to fire Lopez was made. To the contrary, the text of the document corroborates the deposition testimony and affirmations of Akbar, Woolley, Ganung, and Kearney, who each stated that the decision to fire Lopez predated her filing of the internal complaint. *See* J. App'x at 397 ("On January 10th around 6pm I spoke to both [Ganung and Kearney] to explain that [Lopez] isn't a good fit and that I wanted to terminate her probation. We agreed that I would terminate her probation at our [two-]month check-in scheduled for Thursday January, 17th."). Lopez has thus failed to create a genuine dispute of material fact as to whether the legitimate, non-retaliatory reasons the Hospital offered to justify her termination decision were pretextual.

We have considered Lopez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7