Osby v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand sixteen.**

**PRESENT:**

> **GUIDO CALABRESI,**
> **GERARD E. LYNCH,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

**TAMMY S. OSBY,**

> *Plaintiff-Appellant*,

> **v.**                                                    No. 14-3556

**CITY OF NEW YORK,**

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Tammy S. Osby, Pro Se, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Diana Lawless, New York City Law Department, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Appellant Tammy S. Osby, proceeding pro se, appeals from the district court's judgment dismissing her employment discrimination complaint. Osby sued her employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). The court dismissed, ruling that Osby had failed to administratively exhaust most of her claims and had not plausibly alleged disability discrimination or retaliation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of an employment discrimination complaint for failure to state a claim. Littlejohn v. City of New York, 795 F.3d 297, 306 (2d Cir. 2015). We construe "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and allow us "to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Before initiating a federal employment discrimination suit, a litigant must exhaust her claim in accordance with EEOC regulations. Briones v. Runyan, 101 F.3d 287, 289 (2d Cir.

1996) (Title VII); Wrenn v. Sec'y, Dep't of Veterans Affairs, 918 F.2d 1073, 1078 (2d Cir. 1990) (ADEA). "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (per curiam) (internal quotation marks omitted). Osby failed to include her Title VII and ADEA discrimination claims in her EEOC charge and none of the allegations in the charge reasonably related to race, gender, or age discrimination. See Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001). The district court thus correctly dismissed those claims.

The district court erred, however, in dismissing Osby's ADA discrimination and retaliation claims. Although the district court's dismissal is somewhat conclusory, it appears to have dismissed those claims for failure to plead the elements of a prima facie case. In cases decided since the district court's ruling, we have made clear that an ADA plaintiff need not plead a prima facie case of discrimination. See Dooley v. JetBlue Airways Corp., __ F. App'x __, 2015 WL 9261293 (2d Cir. Dec. 18, 2015); Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015) (summary order); Littlejohn, 795 F.3d at 310. At the pleading stage, the plaintiff has only a "minimal burden" of alleging facts suggesting an inference of discriminatory motivation. Vega, 801 F.3d at 85 (quoting Littlejohn, 795 F.3d at 310). A plaintiff must allege only "that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." Id. at 87.

Osby's complaint contains a number of allegations, many of which, for one reason or another, cannot support her ADA discrimination and retaliation claims. It is not clear to us that

3

the complaint as pleaded establishes that Osby suffered from a disability at all, as her vague references to "knee problems" that required surgery, Osby v. City of New York, No. 13 CIV. 8826, 2014 WL 4100733, at *1 (S.D.N.Y. Aug. 19, 2014), do not suffice to allege that those problems are an "impairment that substantially limits one or more [of her] major life activities," or that she is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Nevertheless, a pro se complaint should not be dismissed without giving the plaintiff a chance to correct pleading deficiencies identified by the district court. Here, the district court denied Osby leave to amend her complaint because the proposed amendment did not cure the deficiencies identified by the defendant. Osby, 2014 WL 4100733, at *4. Other than its erroneous reference to the prima facie standard, however, the district court gave no indication as to which of the deficiencies argued by the defendant had merit.[1]

Accordingly, we **AFFIRM** the district court's dismissal of Osby's Title VII and ADEA discrimination claims, **VACATE** the dismissal of Osby's ADA claim, and **REMAND** the matter to the district court to analyze the sufficiency of the plaintiff's allegations under the proper standard, and, if the complaint is found insufficient, to give Osby leave to replead in an attempt to cure any deficiencies.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Moreover, pro se complaints should be interpreted liberally to raise any claim that they might suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). In this regard, we note that Osby's allegation that adverse actions followed closely after her request for leave in February 2012 may suggest a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

4