Osby v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand eighteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

Tammy S. Osby,

> *Plaintiff-Appellant*,

> v.                                                                                                  17-3363

City of New York,

> *Defendant-Appellee*.[*]

---

FOR PLAINTIFF-APPELLANT:                          Tammy S. Osby, pro se,
                                                                  Brooklyn, NY.

FOR DEFENDANT-APPELLEE:                          Jeremy W. Shweder, Diana
                                                                  Lawless, Of Counsel, *for*
                                                                  Zachary W. Carter,

---

[*] The Clerk of Court is directed to amend the caption to conform to the above.

Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court dated September 25, 2017, is **AFFIRMED**.

Appellant Tammy S. Osby, proceeding pro se, appeals the District Court's judgment dismissing her claims against her employer, the New York City Department of Probation ("DOP"), for disability discrimination and retaliation. She alleged that after she underwent knee surgery in 2012, the DOP discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and that it then unlawfully retaliated against her for filing complaints with the Equal Employment Opportunity Commission ("EEOC"). On remand from this Court, *see Osby v. City of New York*, 633 F. App'x 12 (2d Cir. 2016), the District Court dismissed Osby's complaint for failure to state a claim and, having already permitted one amendment to her pleading, denied further leave to amend. In doing so, the court reasoned that (1) most of Osby's claims were time-barred; (2) most of the "adverse" employment actions that Osby complained of were not sufficiently adverse to state a cognizable claim; (3) the court could not infer discriminatory animus from the DOP's audit of Osby's payroll records and subsequent error in docking her pay; and (4) Osby's proposed second amended complaint did not cure the pleading defects that the court had identified. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

2

We review de novo the dismissal of an employment discrimination complaint for failure to state a claim, accepting its factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015). We review the denial of leave to amend for abuse of discretion, unless "the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile," in which case our review is de novo. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

The District Court correctly concluded that those of Osby's claims that are based on events that occurred before February 16, 2012, are time-barred. These include the DOP's failure to promote Osby in 2004, the DOP's confiscation of her firearm in 2007, and its denial of her lateral transfer request in 2008. A plaintiff who wishes to pursue an ADA claim of discrimination or retaliation must file a complaint with the EEOC within 300 days of the allegedly unlawful act. *Harris v. City of N.Y.*, 186 F.3d 243, 247–48 (2d Cir. 1999). Claims not timely raised in an EEOC complaint are thereafter time-barred when pursued in federal court. *Id.* In this case, Osby first included the factual allegations just mentioned in a disability discrimination and retaliation complaint that she filed with the EEOC on December 10, 2012, after the 300-day period had already expired as to all of these acts.[2] This untimeliness precludes her from proceeding in federal district court on claims arising from these events.[3]

---

[2] The District Court stated that Osby dated her EEOC complaint December 12, 2012. The docket reflects a December 10 filing date, and we conclude that the December 12 reference reflects nothing more than a typographical error. This error does not affect the District Court's conclusion about the untimeliness of Osby's claims. The District Court correctly noted that the EEOC complaint bears a date-stamp reflecting its receipt on December 31, 2012. In addition, on page six of her complaint, Osby stated that she filed her EEOC complaint in February 2011, almost two years earlier. The District Court reasonably presumed that Osby's EEOC charge was filed and received in December 2012, as reflected by the date stamp, not February 2011.

[3] Although Osby also filed a charge of discrimination with the EEOC in 2008, she then raised only gender discrimination issues about the confiscation of her firearm and disability discrimination issues not relevant here.

3

Osby argues that the limitations period should have been tolled as to her claim related to the DOP's confiscation of her firearm in 2007 because she continues to suffer the effects of not being permitted to possess a firearm. As the Supreme Court explained in *Delaware State College v. Ricks*, 449 U.S. 250 (1980), however, a limitations period begins to run when an adverse decision was "made and communicated," not some time later when the plaintiff feels its "inevitable[] consequence." *Id.* at 257–58. Accordingly, the limitations period for claims based on the confiscation of Osby's firearm should not have been tolled.

The District Court also properly dismissed most of Osby's disability discrimination and retaliation claims because the "adverse" actions that Osby complained of were not sufficiently adverse to state a cognizable claim. In the discrimination context, an "adverse employment action" is one that is "materially adverse [to a plaintiff employee] with respect to the terms and conditions of employment." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (internal quotation marks omitted). The action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (internal quotation marks omitted). In the retaliation context, an adverse employment action is one that would be "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (internal quotation marks omitted). Here, the District Court correctly held that most of the DOP's allegedly adverse actions—causing the computer issues that Osby sporadically experienced; insisting on the requirements that she submit medical

---

Furthermore, Osby did not file this lawsuit within 90 days of receiving her right-to-sue letter from the EEOC in follow-up to her 2008 charge. Accordingly, any allegations that are based on the 2008 EEOC charge are untimely. *See* 42 U.S.C. § 2000e-5(f)(1); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994).

4

documentation and timesheets; the assignment to her of a challenging workload; the scheduling of meetings shortly before her planned medical leaves; giving her a "good," as opposed to a "very good" or an "outstanding," evaluation; and having coworkers monitor her—are not sufficiently adverse to support either a discrimination or a retaliation claim.

Osby asserts on appeal that she was denied a lateral transfer request in 2016 and has been passed up for promotions out of retaliation for filing EEOC complaints.[4] Osby explains that she should have at least been promoted in 2004 when she passed the civil service exam, but it is not clear if Osby was denied other promotions. The District Court properly dismissed these claims. Even if both claims were timely, however, Osby has not plausibly pleaded that retaliation was a "but-for" cause of any adverse employment actions. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). She does not assert, for example, that she was passed up for a promotion soon after she filed her EEOC complaints in 2008 or 2012.

The District Court also properly dismissed the discrimination claim that Osby premised on the DOP's 2012 audit of her payroll records and resulting docking of her pay. In March 2012, Osby requested (and was granted) permission to leave work every Monday at 4:00 p.m., as opposed to 5:00 p.m., for eight weeks so that she could attend medical appointments. Two months after she requested this leave, in May 2012, the DOP conducted an audit of Osby's payroll records, inspecting the timesheets she submitted from 2008 through 2012. Based on this review, Osby was informed that she had been overpaid by three hours and 45 minutes and that her pay would be docked to allow the DOP to recover the overpayment. Osby does not appear to dispute that she

---

[4] In her amended complaint, Osby says only that she received "no response from [her] Branch Chief" about her lateral transfer application. Am. Compl. ¶ 20.

was overpaid for three hours and 45 minutes, but she alleges that an additional eight hours were improperly deducted from her paycheck.

The District Court correctly noted that the sole basis from which this Court could infer discriminatory animus in any excessive deduction was the temporal proximity between the beginning of Osby's medical leave in March 2012 and the deduction of these eight additional hours of her pay in May after the audit was completed. We draw no "bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (internal quotations marks omitted), but here the months between Osby's leave and the over-deduction of her pay do not support an inference of discriminatory animus. Osby herself had requested an audit: in her complaint, amended complaint, and EEOC complaint alike, Osby explains that she contacted the Department of Timekeeping and requested a six-month audit. The DOP conducted an audit—albeit a more extensive one—and discovered that it had overpaid her. In this context, the timing of the over-deduction in relation to the period in which she took her medical leave of one hour per week simply does not support an inference that Osby's pay was docked eight hours too many because of her disability and not, for example, because of an administrative error. Osby has failed sufficiently to allege facts supporting an inference of discriminatory animus.

We have considered all of Osby's remaining arguments and find them to be without merit.

We therefore **AFFIRM** the judgment of the District Court in all respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court