**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2014

(Submitted: March 19, 2015                    Decided: October 19, 2015)

Docket No. 14-1034-cv

------------------------------------------------------------X

CATHARINE E. DAVIS,

*Plaintiff-Appellant*,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant-Appellee*,

LISA LINDER,

*Defendant*.[*]

------------------------------------------------------------X

Before: LEVAL, STRAUB, and DRONEY, *Circuit Judges*:

Plaintiff appeals from the grant of Defendant's motion for summary judgment and denial of Plaintiff's motion for summary judgment by the United States District Court for the Eastern District of New York (Matsumoto, *J.*), dismissing Plaintiff's claim for discrimination under the Americans with Disabilities Act of 1990. In the face of the employer's compelling proof of justifications for its action, Plaintiff failed to adduce evidence supporting her allegation that the decision was motivated by discrimination.

AFFIRMED.

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

14-1034-cv
Davis v. N.Y.C. Dep't of Educ.

Catharine E. Davis, Brooklyn, NY, pro se, *for Plaintiff-Appellant*.

Susan Paulson (Francis F. Caputo, *of counsel*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Defendant-Appellee*.

PER CURIAM:

Plaintiff Catharine E. Davis ("Davis"), proceeding pro se, appeals from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*), granting the motion of Defendant New York City Department of Education ("DOE") for summary judgment, and denying Plaintiff's motion for summary judgment. Davis's suit sought damages based on a claim of discrimination under the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, as amended. Her claim is based on her employer's decision to reduce her discretionary bonus after she was absent from work for four months. The district court granted summary judgment for the defendant, reasoning that Davis failed to show that she suffered an adverse employment action, and also because she failed to show a discriminatory motivation. Although the district court erred in reasoning that the denial or reduction of a discretionary bonus is categorically insufficient to constitute an adverse employment action, we nonetheless affirm because, on the undisputed facts, plaintiff had insufficient evidence to support a finding of discriminatory motivation.

**BACKGROUND**

**I. Facts**[1]

Davis began working for the DOE, then known as the Board of Education of the City School District of the City of New York, as a substitute teacher at P.S. 270 in December 1998. She subsequently became licensed to teach health at I.S. 218 around 2000. In September 2002, she transferred to J.H.S. 302 Rafael Cordero ("J.H.S. 302"), where she taught from 2002 to 2009.

The terms and conditions of Davis's employment were governed by a Collective Bargaining Agreement ("CBA") between the DOE and Davis's union, the United Federation of Teachers ("UFT"). Pursuant to the CBA, in the 2008-09 school year J.H.S. 302 participated in DOE's School-wide Performance Bonus Program whereby the school as a whole would receive a lump sum bonus award if students met certain achievement goals for the school year. The school's total bonus pool was calculated by multiplying by $3,000 the number of full-time UFT-represented staff members employed by the school. Pursuant to the CBA, J.H.S. 302 was mandated to establish a compensation committee, comprised of the school's principal and other staff members, responsible for determining the methodology for distributing any award the school earned from the bonus program. The CBA implied that all eligible staff should share in the bonus, but gave the committee discretion whether to make equal individual awards, vary the awards by title, or make differential awards. The CBA also noted that while bonuses could not

---

[1] The facts are drawn from DOE's statement of undisputed material facts submitted in support of its motion for summary judgment pursuant to E.D.N.Y. Local Rule 56.1. Davis failed to submit her own Rule 56.1 statement after being instructed to do so, instead only submitting a "Statement of Facts" that largely consisted of unsupported allegations and included almost no citations or references to admissible evidence. *See Davis v. N.Y.C. Dep't of Educ.*, No. 10-cv-3812 (KAM)(LB), 2014 WL 917142, at *1 n.1 (E.D.N.Y. Mar. 7, 2014).

be allocated based on seniority, the committee could make particular determinations for individual staff members who served at the school for less than a full academic year. The CBA also provided for the establishment of an oversight committee, comprised of the Chancellor and President of UFT, which had the power to modify an award if it found that the award decision was arbitrary, capricious or in clear violation of law or the procedures and standards governing the program. A list of Frequently Asked Questions (FAQs) dated October 2008 regarding the bonus program explained the compensation committee's discretion over individual awards.

On October 29, 2008, Davis was injured in a car accident. She submitted an application to DOE to take medical leave without pay, and DOE approved her request for the period of December 8, 2008, through January 30, 2009. Although medically cleared to return to work on January 31, 2009, Davis did not return until March 1, 2009, because of grand jury duty. As a result, Davis was absent from teaching for roughly four months from October 29, 2008, until March 1, 2009. Ms. Byrd, whom J.H.S. 302 had placed as a substitute teacher in September 2008 to cover for another teacher out on maternity leave, assumed Davis's teaching responsibilities sometime in November 2008 until Davis's return in March 2009.

On or about November 1, 2009, staff members at J.H.S. 302 were awarded bonuses based on the school's achievement of performance goals for the 2008-09 academic year. Davis testified that her union chapter leader informed her that she would be sharing her award with her substitute Ms. Byrd, and Davis ultimately received a bonus of $1,000. No J.H.S. 302 teacher who was absent as long as Davis during the 2008-09 school year received a $3,000 bonus. One teacher on leave for the entire school year received no bonus; another on maternity leave for less

4

than two months received a $3,000 bonus; and a third teacher, who was reassigned from the school at the end of March and thus missed more than two months, received a $3,000 bonus.

Shortly after receiving her bonus, Davis filed a charge of disability discrimination with DOE's Office of Equal Opportunity ("OEO"), alleging that $2,000 of the $3,000 bonus to which she believed she was entitled went to Ms. Byrd and alleging (incorrectly) that all other staff members received a full $3,000 bonus. In June 2010, Davis filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), which subsequently issued a right to sue letter.

**II. Proceedings Below**

On August 17, 2010, Davis filed a timely pro se complaint asserting a claim for discrimination under the ADA. She alleged she had received satisfactory performance reviews during her first five years teaching at J.H.S. 302, but had become the victim of professional abuse after Lisa Linder became principal of her school in September 2007. She alleged that the reduction of her bonus to $1,000 was due to discrimination because of her disability caused by injuries she sustained during her October 2008 car accident. DOE justified the reduction in Davis's bonus based on her extensive absence, and that Ms. Byrd deserved to share in the bonus because of her work as a substitute. The district court granted DOE's motion for summary judgment and denied Davis's motion for summary judgment.

The court explained that Davis had failed to make a prima facie case of disability discrimination because the reduction of her bonus from $3,000 to $1,000 did not constitute an adverse employment action under the ADA. *See Davis*, 2014 WL 917142, at *7. Relying primarily on a Seventh Circuit decision, *Hunt v. City of Markham*, 219 F.3d 649 (7th Cir. 2000),

the court reasoned that the reduction of Davis's bonus could not be an adverse employment action because under the terms of the CBA the employer had discretion over whether to pay her a bonus and, if so, how large, so that she had no legal entitlement to a $3,000 bonus. *Davis*, 2014 WL 917142, at *7. The court also ruled that Davis failed to meet her burden of showing discrimination.

## DISCUSSION

On appeal, Davis argues that the court applied erroneous legal standards and failed to recognize disputed issues of material fact.[2] We agree that in one respect the district court applied an invalid standard. Nonetheless, the court's further ground fully supported its ruling.

Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . employee compensation . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The elements of a claim under the ADA are that: (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). Under the last element, a plaintiff must show that the adverse employment action "took place under circumstances giving rise to an inference of discrimination." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000).

---

[2] We review a district court's grant of summary judgment *de novo*, "viewing the record in the light most favorable to the non-moving party." *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007). "Summary judgment may be granted only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Claims alleging discrimination under the ADA are subject to the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *McBride v. BIC Consumer Products Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). Under that framework, once a plaintiff produces minimal evidentiary support for the claim of discriminatory motivation, the burden of production shifts to the employer to articulate a non-discriminatory reason for the adverse employment action. But once the employer has set forth its non-discriminatory justification, the plaintiff must then produce evidence capable of carrying the burden of persuasion that the employer's action was at least in part motivated by discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)*; St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-56 (1981).

To qualify as an adverse employment action, the employer's action toward the plaintiff must be "materially adverse" with respect to "the terms and conditions of employment." *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004). It must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* (citation omitted). We have no bright-line rule to determine whether a challenged employment action is sufficiently significant to serve as the basis for a claim of discrimination. *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 437, 446 (2d Cir. 1999), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

The district court concluded that because the bonuses were "discretionary," Davis's receipt of a smaller bonus than the other employees received could not qualify as an adverse employment action. *Davis*, 2014 WL 917142, at *7. In so holding, the district court relied

primarily on language from the Seventh Circuit's decision in *Hunt v. City of Markham*, 219 F.3d 649 (7th Cir. 2000), which in turn relied on *Rabinovitz v. Pena*, 89 F.3d 482 (7th Cir. 1996). The Seventh Circuit ruled in those cases that withholding a discretionary pay increase could not qualify as an adverse employment action. *See Hunt*, 219 F.3d at 654 (citing *Rabinovitz*, 89 F.3d at 488-89).

The Seventh Circuit precedents on which the district court relied are not the law in this circuit.[3] The fact that the employer has discretion whether to grant bonuses or raises does not support the conclusion that an employer may freely allocate them on the basis of racial or religious bias, or disability discrimination. We do not agree that an employer's *discretion* to withhold or reduce a bonus entitles the employer to allocate the bonus on the basis of prohibited discrimination. It seems unlikely, to say the least, that employers covered by the discrimination statutes could freely decide to award substantial discretionary bonuses to all employees except those of a disfavored race, religion, national origin or disability. As most employees work "at will," most aspects of their conditions of employment are within the employer's discretion. Deciding which applicant to hire, which employee-at-will to promote, which one should receive additional responsibilities or which one should be fired—all these, being the traditional fare of discrimination suits—are within the employer's discretion. Rarely does the employee who sues for illegal employment discrimination have a legal right to the benefit she claims (apart from the law of unlawful discrimination). (Indeed, if such an entitlement were required, the discrimination

---

[3] We are not alone in rejecting this categorical approach. The D.C. Circuit has also rejected the argument that denial of a discretionary monetary bonus is not a basis for a discrimination suit, *see Russell v. Principi*, 257 F.3d 815, 819 (D.C. Cir. 2001), and we are aware of no other circuit that has adopted the Seventh Circuit's rule.

statutes would be unneeded and superfluous, as the plaintiff would have a valid claim based on contract or some other statute.)

The district court erred in ruling that denial or reduction of a bonus could not constitute an adverse employment action solely because the employer had discretion whether to pay a bonus. The fact that the employer had the right to allocate a bonus on any ground that does not violate the law does not mean that the employer had the right to allocate it on a ground that did violate the law.

Despite this error in the district court's reasoning, we nevertheless affirm the judgment. The district court correctly determined that, even if Davis established an adverse employment action, she failed to present evidence that would support the necessary finding of discriminatory motivation. *See Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000) ("Title VII is violated when a [prohibited] motive plays a part in adverse employment actions . . . whether or not it was the sole cause." (ellipses in original) (citation and internal quotation marks omitted)); *Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 115 F.3d 116, 120 (2d Cir. 1997) ("[A] Title VII plaintiff can prevail by proving that an impermissible factor was a 'motivating factor,' without proving that the employer's proffered explanation was not some part of the employer's motivation."). The employer explained, and it is uncontested, that Davis was absent for four months, that during her absence Davis did not contribute to the school's earning of bonuses for its teachers, that it needed to obtain a substitute teacher during Davis's lengthy absence, and that the substitute teacher contributed importantly to the school's earning of the bonus. Davis failed to adduce evidence sufficient to show that prohibited discrimination played a role in the DOE's decision to divide the $3,000 available as a bonus between Davis and the teacher who substituted for her during her absence.

# CONCLUSION[4]

The judgment of the district court is AFFIRMED.

---

[4] We have considered Davis's remaining arguments, and find them to be without merit.