14-3332-cv
*White v. Andy Frain Servs., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT:  DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          EDWARD R. KORMAN,
                    *Senior District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HARTLEY C. WHITE,

                    *Plaintiff-Appellant*,

                    v.                                        14-3332-cv

ANDY FRAIN SERVICES, INC.,

                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]     The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:          Hartley C. White, *pro se*, Corona, New York.

FOR DEFENDANT-APPELLEE:          John T. Bauer, Justin R. Marino, Littler
                                  Mendelson P.C., Melville, New York.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Hartley C. White, proceeding *pro se*, appeals from an August 8, 2014 judgment of the United States District Court for the Eastern District of New York, entered after the district court, by memorandum and order filed August 8, 2014, granted summary judgment in favor of defendant-appellee Andy Frain Services, Inc. ("Andy Frain"), dismissing his employment discrimination claims brought under, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

White is a black Jewish man from Jamaica who was employed by Andy Frain from 2008 to 2012. Liberally construed, his complaint asserts that Andy Frain discriminated against him by failing to give him a raise, providing unequal terms and conditions of employment, retaliating against him for assisting a co-worker's

discrimination case, and maintaining a hostile work environment. White alleges that during his employment, his supervisor made several discriminatory remarks.

We review *de novo* orders granting summary judgment. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Because [White] was pro se below, we must interpret his papers liberally 'to raise the strongest arguments that they suggest.'" *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1993)).

We affirm substantially for the reasons set forth by the district court in its memorandum and order. White's claims fail because no rational factfinder could conclude that Andy Frain discriminated against him because of his protected characteristics.

To establish a *prima facie* case of employment discrimination, a plaintiff "must demonstrate that: 1) he was within the protected . . . group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003) (quoting *Roge v. NYP Holdings, Inc.*,

257 F.3d 164, 168 (2d Cir. 2001)); *accord Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 913 (2d Cir. 1997) (same for NYSHRL claims). And though we must construe NYCHRL claims more liberally than federal and state law claims, NYCHRL similarly only prohibits discrimination in the "terms, conditions or privileges of employment" when such discrimination is "because of" a protected characteristic. N.Y.C. Admin. Code § 8-107(1)(a); *accord* 42 U.S.C. § 2000e-2(a)(1); *see also Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (mandating independent consideration of "broader New York City standards").

Most of the actions that White complains of do not qualify as adverse employment actions. White complains that he was paid late, denied certain vacation requests, and forced to work overtime when his replacement did not show up. These troubles are no "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Terry*, 336 F.3d at 138 (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)).

White also claims that he was denied a discretionary raise. We recently rejected the view that an employer's discretionary conduct can never constitute an actionable adverse employment action. *Davis v. N.Y.C. Dep't of Educ.*, No. 14-1034-cv, 2015 WL 6118183, at *3-4 (2d Cir. Oct. 19, 2015) (per curiam). Here, however, White admits that he sought a pay increase for all tennis center employees, that none received an increase, and that he was unaware of and did not specifically apply for any other

open positions. There is thus no evidence of an adverse employment action -- discretionary or otherwise -- taken against White.

Even assuming that adverse employment actions occurred, no rational factfinder could find that Andy Frain took those actions because of White's protected characteristics. White alleges that his supervisor made several off-color comments over the course of a year and a half about him being black and Jewish. But a rational factfinder could not reasonably find a causal connection between these remarks and any employment action of which he complains. Without some causal connection, these off-color comments were no more than stray remarks. And "stray remarks," without "other indicia of discrimination," are not enough. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). This record lacks those indicia.[1]

Liberally construed, White also raises a Title VII claim that, by denying his vacation request, Andy Frain failed to reasonably accommodate his religious beliefs.

---

[1]     A *prima facie* retaliation claim involves showing that "(1) [the employee] was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012); *see also Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (same for NYSHRL claims). The adverse action must be one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). Although NYCHRL must again be broadly construed, a plaintiff suing under that statute is still required to "show that [he] took an action opposing [his] employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112 (citations omitted). Here, the evidence establishes at most that Andy Frain raised concerns about White's performance with its client and that no further action was taken in light of the client's favorable view of White. A retaliation claim cannot go forward on the basis of such evidence.

The employer has a duty to offer a reasonable accommodation for "all aspects of religious observance and practice" once notified by the employee. 42 U.S.C. § 2000e(j); *see Cosme v. Henderson*, 287 F.3d 152, 157-58 (2d Cir. 2002). A plaintiff thus makes out a prima facie case by proving (1) he has a bona fide religious belief that conflicts with an employment requirement, (2) he informed the employer of the belief, and (3) he was disciplined for failure to comply with the requirement. *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985); *accord* N.Y. Exec. Law § 296(10)(b) ("[N]o person shall be required to remain at his or her place of employment during any day or days or portion thereof that, as a requirement of his or her religion, he or she observes as his or her sabbath or other holy day . . . ."); N.Y.C. Admin. Code § 8-107(3)(a) (substantially identical language). By White's own deposition testimony, he never advised Andy Frain that his Jewish faith conflicted with his ability to work. He stated only that he wanted vacation to "coincide closely with the Passover" and that he "basically would like" that to happen. White Dep. at 170:7-20, ECF No. 33-4. He never suggested that he was unable to work on Passover. Moreover, even assuming that Andy Frain knew of a religious conflict, nothing in the record suggests that Andy Frain punished White for failing to comply with the employment requirement. *See Philbrook*, 757 F.2d at 481.

We have reviewed White's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -