Yetman v. Capital Dist. Transp. Auth.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Margaret P. Yetman,
        Plaintiff-Appellant,

      -v.-                      15-2683

Capital District Transportation Authority, a/k/a Capital District Transit Authority, David A. Palmer,
        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        RONALD G. DUNN (Daniel A. Jacobs, on the brief), Gleason, Dunn, Walsh & O'Shea; Albany, NY.

**FOR APPELLEES:**                    CLEMENTE J. PARENTE, Jackson Lewis
                                      P.C.; Albany, NY. (Kristi Rich
                                      Winters, on the brief.)

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Margaret P. Yetman appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, J.) granting summary judgment to defendants--Yetman's former employer, the Capital District Transportation Authority ("CDTA"), and her supervisor, David A. Palmer--and dismissing her complaint, which alleged (1) interference and retaliation in violation of the Family and Medical Leave Act ("FMLA") and (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL").

We review de novo the district court's grant of summary judgment, drawing all inferences in favor of the non-moving party. Young v. Cty. of Fulton, 160 F.3d 899, 901-02 (2d Cir. 1998). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Yetman worked part-time for the CDTA as a bus driver from June to November 2000 and was rehired full-time in November 2004. It is undisputed that she had intermittent attendance problems, and was once fired for misconduct and then reinstated a month later. On numerous occasions she sought FMLA leave, sometimes for personal medical conditions and sometimes for the medical conditions of her children, sometimes short-term and sometimes for months at a time. Leave was always granted. Although she asserts that certain of her absences or late arrivals for work were not considered FMLA leave, she has not genuinely disputed that all of her timely, express requests for FMLA leave were granted and so designated.

2

On June 26, 2010, Yetman missed work without claim of entitlement to FMLA leave. She initially disputed whether she had called the dispatcher in time to report the absence, but the CDTA's phone records contradicted that claim. She was given the opportunity to provide her own printed telephone record indicating the time she placed the call, but she did not provide it. Instead, she resigned effective July 6, 2010, in a letter indicating that "[t]he constant stress of me possibly losing my job because of an autistic child and other family and legal isues, has been overwhelming." J.A. 163. She unsuccessfully applied to be rehired in December 2010, and several times again thereafter.

Yetman's federal complaint, filed November 9, 2012, generally makes: (1) allegations relating to her period of employment, chiefly interference with FMLA rights and constructive discharge in violation of the FMLA; and (2) allegations of discrimination relating to the CDTA's decision not to rehire her.

**1.** All of Yetman's claims relating to the period of her employment with the CDTA are time-barred. Claims under the FMLA are subject to a two-year statute of limitations unless the violations are willful, in which case the limitations period is three years. 29 U.S.C. §§ 2617(c)(1)-(2). Yetman filed her complaint more than two years after she resigned (or, as she alleges, was constructively discharged), but within three years, so in order for any FMLA claims relating to her employment to be timely, she must establish willful violation. She has failed to do so. She alleges that various absences that should have been classified as FMLA leave were not so classified, but it is undisputed that (1) she took significant FMLA leave, even for months at a time, which requests were acknowledged as such and always granted; and (2) she did not request FMLA leave for the particular absence that immediately preceded her resignation, and that may have precipitated it. Construing the evidence in the light most favorable to Yetman, she has at worst alleged negligence in FMLA classification, but not willful violation. The two-year limitations period therefore applies, and her FMLA claims stemming from her employment are time-barred.

3

**2.**  Yetman reapplied twice within a year after having resigned, and she argues that the CDTA's decision not to rehire her constituted disability discrimination or retaliation for her earlier exercise of FMLA rights.  Disability discrimination claims and FMLA retaliation claims are both subject to the familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Potenza v. City of New York, 365 F.3d 165, 168 (2d Cir. 2004) (applying the framework to FMLA claims); Davis v. N.Y.C. Dep't of Educ., 804 F.3d 231, 235 (2d Cir. 2015) (applying the framework to ADA claims); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305 (2004) (applying the framework to NYSHRL claims).  Therefore, to survive summary judgment on any failure-to-rehire claim that Yetman pleads, she must first establish a prima facie case of discrimination or retaliation; and that requires, inter alia, that she proffer evidence that the decision not to rehire her was made under circumstances giving rise to an inference of discriminatory or retaliatory intent.  She has failed to do so.

Yetman relies principally on testimony that the decision not to rehire was made on the basis of her "overall work record," including her history of attendance issues, and on evidence that the CDTA and Palmer were aware of her having a history of disability.  Mere knowledge, however, does not give rise to an inference of discrimination or retaliation; and considering her "overall work record" does not suggest that defendants considered her to be disabled or improperly considered her prior FMLA leave (especially in light of the undisputed fact that she had attendance issues unrelated to FMLA leave and earlier discipline for undisputed misconduct).

Moreover, even if she could establish a prima facie case, she has proffered insufficient evidence to show that the non-discriminatory reasons proffered by the defendants for not hiring her were pretextual.

Accordingly, and finding no merit in plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, CLERK

4