*Flores v. Entergy Nuclear Operations, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.**

PRESENT:   JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
           PETER W. HALL,
                     *Circuit Judges.*

_____

HAROLD A. FLORES,

                 *Plaintiff-Appellant,*                          18-1936

                 v.

ENTERGY NUCLEAR OPERATIONS, INC.,

                 *Defendant-Appellee.*[*]

_____

_____

   [*] The Clerk of Court is directed to amend the caption as set out above.

**FOR PLAINTIFF-APPELLANT:**    Michael Confusione, Hegge & Confusione, LLC, Mullica Hill, NJ.

**FOR DEFENDANT-APPELLEE:**    Jonathan M. Kozak, Jackson Lewis P.C., White Plains, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Harold A. Flores ("Flores") appeals the District Court's grant of summary judgment to Defendant-Appellee Entergy Nuclear Operations, Inc. ("Entergy"). Flores sued Entergy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Americans with Disabilities Act, 42 U.S.C. § 12101, alleging retaliation and discrimination on the basis of race and perceived disability.[1]

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. "We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005).

In this appeal, Flores advances several arguments in support of his contention that Entergy retaliated against him for supporting a colleague's discrimination claim (in violation of Title VII) and discriminated against him based on his perceived alcoholism (in violation of the ADA). We reject each argument in turn.

First, Flores argues that the the District Court erred in disregarding alleged retaliatory events that occurred before June 17, 2015, as untimely because Entergy "waived" the statute-of-limitations defense by failing to raise the issue in its Answer. Br. Appellant 12. This is incorrect. Entergy specifically invoked the limitations period in its Answer. App'x 31 ("Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation or administrative filing periods.").

---

[1] Although Flores also included state claims in his complaint, the District Court declined to exercise supplemental jurisdiction over these state claims because the federal claims were eliminated prior to trial. SA 31-32. *See also Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

Second, Flores argues that the statutory limitations do not apply because the pre-June 17, 2015 acts are "part of the overall retaliation and discrimination charge." Br. Appellant 13. We disagree. As we have previously explained, the "continuing violation exception" applies only where a plaintiff alleges an "ongoing policy" of related discrimination, rather than cases of "*discrete* acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period." *Patterson v. Cty. of Oneida,* 375 F.3d 206, 220 (2d Cir. 2004) (internal quotation marks and citations omitted). Here, Flores has provided no evidence that the allegedly retaliatory acts were part of such an ongoing policy.

Third, Flores argues that the District Court erred in finding that he failed to establish a "causal connection" between his protected activity and subsequent adverse employment actions. Br. Appellant 15. As evidence of such causation, Flores points to the temporal proximity between his submission of an affidavit in support of a colleague's discrimination complaint and his 2013 termination. *Id.* at 16. Similarly, Flores asserts that, for the rest of his allegations, a "jury c[ould] find" that various alleged adverse employment actions were retaliatory. *Id* at 17.

This argument fails for several reasons: first, as we have already explained, claims based on adverse employment actions that occurred before June 17, 2015 (including Flores's temporary 2013 termination) are barred by the relevant limitations period. Moreover, any inference of retaliation based on the proximity of Flores's submission and his termination is undermined by undisputed evidence that the termination decision *preceded* Flores's protected activity, App'x 394-97, and was based on a substantial disciplinary record, App'x 80-90, 347-391. Moreover, this 2013 termination is the only adverse employment action for which Flores advances any argument (rather than a conclusory statement) of a "causal connection" to a protected activity. Accordingly, Flores has failed to establish a *prima facie* case of retaliation under Title VII. *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993).

Next, Flores argues that the District Court erred in concluding that "there is no evidence that [he] was disabled or that [Entergy] regarded [him] as such." Br. Appellant 21. Moreover, Flores argues a reasonable jury could find that drug testing and counseling requirements, unspecified "harassment" by coworkers, and various seemingly unrelated employment actions (including, *inter alia*, the rescheduling of a physical examination, and a change in his working hours) amounted to adverse employment actions under the ADA. *Id.* at 24.

We reject these arguments as well. Insofar as Flores is arguably correct that Entergy regarded him as "disabled" on account of alcoholism or substance abuse, drug testing and counseling are not acts of discrimination, but lawful precautions. *See Buckley v. Consol. Edison Co. of N.Y.*, 155 F.3d 150, 156 (2d Cir. 1998). With respect to Flores's allegation of coworkers' teasing, we agree with the District Court that this "lacks the requisite specificity to be considered the basis for finding an adverse employment decision," and that there is "also no basis to attribute this conduct to [Entergy]." *See Flores v. Entergy Nuclear Operations, Inc.*, 313 F. Supp. 3d 511, 526 (S.D.N.Y. 2018).

3

Moreover, we have previously held that the ADA only prohibits an employer from taking an adverse employment action where that action is "materially adverse." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) And as we have explained previously, "[a]ctions that are trivial harms—*i.e.,* those petty slights or minor annoyances that often take place at work and that all employees experience—are not materially adverse." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (internal quotation marks omitted). Flores has not offered evidence (or even pleaded with specificity) that any alleged teasing was greater than "petty slights." Accordingly, he has failed to establish "a genuine factual" dispute regarding whether these events support an ADA claim. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

As for the remainder of Flores's allegations, Flores offers no evidence whatsoever attributing these actions to Entergy's perception of him as "disabled."[2] Flores has therefore failed to establish that "he suffered adverse employment action *because of* his disability," a key element of a *prima facie* case under the ADA. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (emphasis added).

## CONCLUSION

We have reviewed all of the arguments raised by Flores on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 31, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] In fact, Flores himself highlights his failure to connect allegedly adverse employment actions to his disability when he breezily declares that "many of the adverse actions that plaintiff detailed with regard to the retaliation claim are adverse actions with regard to the ADA claim as well." Br. Appellant 23. This nonchalance regarding whether Entergy punished him for submitting an affidavit or for his perceived alcoholism reflects, we think, confidence in neither theory.