24-2665-cv
*Braccia v. Northwell Health Sys.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-five.

PRESENT:     JON O. NEWMAN,
             BARRINGTON D. PARKER,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

CYNTHIA BRACCIA; JENNIFER BROWNE; ANDREA DE PALMA; DENNISE JOHNSON; MARISOL VENTRICE; IRINA ABRAMOV; MAUREEN ALCHERMES; DAWN ALOIS; JOY ALTRUI; ANGELA BASTONE-PERGOLA; EVGENIYA BATALLA; DIANE BONO; KATHERINE CARNEY; KAREN FERRANDO; CARMELA FIORICA; EILEEN HAGAN; SARAH HASENEY; MARYANN HOJNOWSKI; KATHERINE KOUGENTAKIS; NILBERK KURT; KAREN LA ROSA; DEBRA LANAHAN; NADIRA MAHABIR; VERONICA NEWTON; KATLYN PASTOR; REBECCA RAMIREZ; JULIA SHAW; ROSE TAYLOR; MIA TORRES; and MICHELE WOODWARD-LAWTON,

*Plaintiffs-Appellants*,

v.                                                                            24-2665-cv

NORTHWELL HEALTH SYSTEMS,[*]

    *Defendant-Appellee*.

_____

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | Rachel Dreher, Yoder Dreher Pearson LLP, Washington, D.C. |
| FOR DEFENDANT-APPELLEE: | Erin M. Train, Jacqueline Phipps Polito, Littler Mendelson, P.C., Fairport, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Merchant, *J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court is **AFFIRMED**.

Plaintiffs-Appellants appeal from the District Court's order dismissing their amended complaint alleging that Defendant-Appellee Northwell Health Systems ("Northwell") discriminated against them in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, and, as to one plaintiff, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. *See Abramov v. Northwell Health Sys.,* No. 2:22CV06687(OEM), 2024 WL 4276171 (E.D.N.Y. Sept. 24, 2024). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above.

2

**BACKGROUND**

The following facts are taken from the amended complaint and attached exhibits, which are accepted as true for the purposes of this appeal. *See Miller v. United States ex rel. Miller*, 110 F.4th 533, 538 (2d Cir. 2024). Plaintiffs were employed by Northwell as healthcare workers in the state of New York. *See generally* App'x at 46-55. On August 18, 2021, Northwell instituted a policy under which "all employees were required to become fully vaccinated against COVID-19 in order to remain employed" by Northwell. App'x at 57. Northwell "created a 'Religious Exemption Request Form' and instructed its religious employees to submit their completed form by September 3, 2021." App'x at 57. At that time, each individual plaintiff held a sincere religious belief that prevented her from taking the vaccine and, consequently, from complying with this new mandatory vaccination policy.

On August 26, 2021, the New York State Department of Health adopted an emergency rule "that eliminated an employee's ability to request a religious exemption while continuing to allow medical exemptions." App'x at 60. This emergency rule required certain healthcare entities, such as Northwell, to "continuously require personnel to be fully vaccinated against COVID-19." N.Y. COMP. CODES R. & REGS. tit. 10, §2.61 ("Section 2.61").[1] Plaintiffs do not contest that the rule applied to Northwell. After the implementation of Section 2.61, Northwell "refused to accept Religious Exemption Request Forms because 'the New York State Department of Health has indicated,

---

[1] Section 2.61 has since been repealed.

3

consistent with the Vaccinate Mandate, that we are unable to recognize any religious exemptions to the mandate for healthcare employees.'" App'x at 58 (sic). Nonetheless, all plaintiffs "submitted religious accommodation requests." App'x at 59. Northwell did not provide the accommodations requested. One plaintiff, Rose Taylor, also sought an accommodation for a disability, which Northwell also did not provide. Between September and November 2021, Northwell terminated the employment of each plaintiff based on failure to adhere to the vaccination policy.

Plaintiffs brought this action alleging religious discrimination in violation of Title VII and, as to plaintiff Taylor, disability discrimination in violation of the ADA, seeking monetary damages and injunctive relief. Northwell filed a motion to dismiss the amended complaint, which the District Court granted in its entirety. Plaintiffs appealed.

## DISCUSSION

"We review *de novo* a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff." *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

## I.     Religious Discrimination

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). In the amended complaint, plaintiffs alleged violations of Title VII under two theories: failure to accommodate and disparate treatment.  However, plaintiffs do not make any argument regarding disparate treatment on appeal; indeed, the word "disparate" does not appear in their brief, and though they criticize the District Court's reading of their allegations, they make no argument to this Court that Northwell acted with discriminatory intent.  Accordingly, plaintiffs have forfeited any challenge to the dismissal of this claim.  We therefore proceed to consider plaintiffs' failure to accommodate claim.

To assert a Title VII claim for religious discrimination based on a failure to accommodate, a plaintiff must allege (1) that she has "a bona fide religious belief conflicting with an employment requirement," (2) that she "informed [her] employer[] of this belief," and (3) that she was "disciplined for failure to comply with the conflicting employment requirement." *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (citation and quotation marks omitted).  An employer must offer an employee who satisfies the first two requirements "a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Id.* (citation and quotation marks omitted); *see also Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002).  An "undue hardship" in this context is a burden that "would result in substantial increased costs in

5

relation to the conduct of [the employer's] particular business." *Groff v. DeJoy*, 600 U.S. 447, 470 (2023).

Section 2.61 mandated that Northwell require any employee within the definition of "personnel to be fully vaccinated against COVID-19." N.Y. COMP. CODES R. & REGS. tit. 10, §2.61(c). Under this provision, "if a medically eligible employee's work assignments mean that she qualifies as 'personnel,' she is covered by the Rule and her employer must 'continuously require' that she is vaccinated against COVID-19." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021) (per curiam) (citation omitted). Section 2.61(d) allowed for exemptions for medical reasons, but not for religious reasons. Thus, the only way to "accommodate" an employee's religious objection to vaccination was to reassign the employee "in a manner that removes them from [Section 2.61's] definition of 'personnel.'" *Id.* (citation omitted).

The amended complaint does not allege that any plaintiff sought accommodation in the form of a reassignment that would remove her from Section 2.61's definition of "personnel" so that Section 2.61 would not apply. Rather, the amended complaint asserts that Northwell could have accommodated plaintiffs by the use of "masking and weekly testing." App'x at 63. Plaintiffs further assert that they were willing to engage in social distancing. *See* App'x at 61. Plaintiffs do not contend – nor could they – that these steps would have satisfied Section 2.61. Thus, if Northwell had accommodated plaintiffs in the way they sought, it would have been violating the law.

"Under our precedent, an accommodation that would require an employer to violate the law imposes an undue hardship." *Russo v. Patchogue-Medford Sch. Dist.*, 129

6

F.4th 182, 186 (2d Cir. 2025) (per curiam). We have addressed this principle as applied to Section 2.61 in a recent non-precedential summary order:

> Plaintiffs were all covered personnel under Section 2.61, which meant that granting their sole request for a religious exemption would have required the [defendant] to violate the state regulation. This, in turn, would have subjected the [defendant] to financial penalties or a suspension or revocation of their operating licenses. *See* N.Y. Pub. Health Law §12 (2008); *id.* §2806(1)(a) (2010). Even under the heightened standard for undue hardship recently set forth in *Groff*, the risk of these potential penalties more than suffices to demonstrate that the [defendant was] subject to such hardships here.

*Does 1-2 v. Hochul*, No. 22-2858, 2024 WL 5182675, at *4 (2d Cir. Dec. 20, 2024) (summary order). We have also specifically held that requiring *this* employer, Northwell, to violate Section 2.61 in order to accommodate an employee's religious objection would constitute an undue hardship. *See D'Cunha v. Northwell Health Sys.*, No. 23-476, 2023 WL 7986441, at *3 (2d Cir. Nov. 17, 2023) (summary order). We conclude, as we did in these previous decisions, that Northwell was not obligated to grant the accommodations requested by plaintiffs because doing so would constitute an undue hardship, and accordingly, the amended complaint fails to state a plausible claim for religious discrimination under Title VII.

## II. Disability Discrimination

Plaintiff Rose Taylor also alleges that Northwell discriminated against her in violation of the ADA by refusing her requests for accommodation and eventually terminating her employment. The ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability." 42 U.S.C. §12112(a).

The elements of a claim under the ADA are that: (1) the employer is subject

7

to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability.

*Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (per curiam). To be considered disabled under the ADA, a plaintiff must have "a physical or mental impairment that substantially limits one or more major life activities . . . ; a record of such an impairment; or be[] regarded as having such an impairment." 42 U.S.C. §12102(1). Taylor alleges, in conclusory fashion, that she "is a disabled person within the meaning of 42 U.S.C. §12102(1)." App'x at 66. She alleges that she "suffers from a neurological disorder . . . that limits one or more of [her] major life activities, such as working, caring for herself, performing manual tasks, eating, sleeping, breathing, learning, reading, concentrating, thinking, communicating, and working." App'x at 66. She further alleges that Northwell regarded her "as having such an impairment as defined by 42 U.S.C. §§12102(1)(C), 3(A)." App'x at 66.

These purely conclusory allegations are insufficient; they are exactly the sort of "[t]hreadbare recitals of the elements" that the Supreme Court has explained will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Taylor has not asserted any facts indicating *how* her alleged disability limits her activities. *See Morey v. Windsong Radiology Grp.*, 794 F. App'x 30, 33 (2d Cir. Dec. 12, 2019) (summary order) ("Plaintiff must allege further facts as to how her disability 'substantially limits' her 'major life activities' to plausibly state a claim."). Taylor has provided a declaration, which was attached to the amended complaint. But rather than explaining the nature of her alleged

8

disability, the declaration merely asserts: "My treating physician determined that, to a reasonable degree of medical certainty, my pre-existing condition placed me in a position where the risk caused if I were to receive the COVID-19 vaccine outweighed any potential benefit of the vaccine." App'x at 160. This purely conclusory assertion is insufficient.[2] We thus conclude that Taylor has failed to adequately allege that she was in fact disabled under the ADA.

Taylor also makes no factual allegations in support of any claim that Northwell *regarded* her as being disabled. Furthermore, we have held that "an employee who is discharged for refusing to comply with a company-wide vaccination mandate" cannot state a claim under the ADA's "regarded as" prong because such a mandate applies equally to all employees and does not single out any employee. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 168 (2d Cir. 2024); *see also Apuzza v. NYU Langone Long Island*, 2025 WL 763425, at *2 (2d Cir. Mar. 11, 2025) (summary order).

Accordingly, Taylor has failed to state a claim for violation of the ADA.

*            *            *

---

[2] Indeed, the declaration is arguably inconsistent with the allegations in the body of the amended complaint, which make no mention of a treating physician and instead suggest that Taylor is claiming her termination was based on retaliation for expressing her religious views. *See* App'x at 67-68.

We have considered plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court