24-2427
*Cagle v. Weill Cornell Med.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
JOHN M. WALKER, JR.,
SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

SHARME CAGLE,

*Plaintiff-Appellant,*

v.                                                         No. 24-2427

WEILL CORNELL MEDICINE,

*Defendant-Appellee.*

_____

**For Plaintiff-Appellant:**               SHARME CAGLE, *pro se*, New York, NY.

**For Defendant-Appellee:**               RACHEL E. KRAMER, Associate General Counsel, Office of General Counsel, Cornell University, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 26, 2024 judgment of the district court is **AFFIRMED**.

Sharme Cagle, proceeding *pro se*, appeals from a judgment of the district court dismissing her claims for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 *et seq.*, and Title I of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112 *et seq.*, against her former employer, Weill Cornell Medicine ("Weill Cornell"), after she was terminated from her position as a nurse in September 2021 for failing to get vaccinated against COVID-

We assume the parties' familiarity with the facts, procedural history, and issues on appeal.[1]

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See Bangs v. Smith*, 84 F.4th 87, 95 (2d Cir. 2023). To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." *Bangs*, 84 F.4th at 95 (internal quotation marks omitted). In addition, because Cagle is proceeding *pro se*, we construe her complaint "to raise the strongest claims [it] suggest[s]." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

## I. Title VII

Title VII prohibits an employer from "discharg[ing] . . . or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . .

---

[1] Cagle does not challenge the district court's dismissal of her claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Nor does she challenge the district court's denial of her request for leave to file a second amended complaint. Accordingly, we deem such challenges abandoned. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

religion[.]"  42 U.S.C. § 2000e–2(a)(1).  There are generally two elements to a Title VII religious-discrimination claim:  first, that "an employer discriminates against a plaintiff by taking an adverse employment action against h[er]," and second, that the plaintiff's religion "was a substantial or motivating factor contributing to the employer's decision to take the action."  *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (internal quotation marks omitted).

Here, Cagle asserts that Weill Cornell discriminated against her by failing to provide her with a reasonable accommodation in light of her religious beliefs.  To make a *prima facie* showing of failure to accommodate, a plaintiff must establish that "(1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employer[] of this belief; and (3) [she] w[as] disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001).  At the pleading stage, however, a Title VII plaintiff is generally not required "to plead facts establishing a *prima facie* case."  *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (internal quotation marks omitted).  Rather, the plaintiff need only raise allegations "support[ing] a minimal inference of discriminatory motivation." *Vega*, 801 F.3d at 84 (internal quotation marks omitted).

4

Cagle's allegations do not support even a minimal inference of discrimination. First, Cagle does not allege that she submitted a timely request for a religious exemption to Weill Cornell. To the contrary, she acknowledges that she was on medical leave at the time that the deadline to seek an exemption passed. At most, she alleges that she had inquired about the process to submit such an exemption request upon her return. She includes a copy of the email she sent to Human Resources on August 17, 2021, asking about "the process for" "submit[ting] [her] exemption package." Dist. Ct. Doc. No. 17 at 50. After she was informed on August 31 that the deadline was August 1 and she would be placed on unpaid leave the following day, Cagle responded that she "[was] not in agreement" and was being "coerced into receiving a so called Covid 19 Vaccination." *Id.* at 52. She does not allege ever having told Weill Cornell that her religious beliefs prevented her from receiving the vaccine. As a result, Cagle did not allege that Weill Cornell was on notice of her religious objections to receiving the COVID-19 vaccine.

But even if Cagle had timely submitted a request, her claim would still fail. "Title VII does not obligate an employer to grant an accommodation that would cause undue hardship on the conduct of the employer's business." *We The Patriots*

5

*USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021) (internal quotation marks omitted). The statute thus "does not require . . . a blanket religious exemption allowing [employees] to continue working at their current positions unvaccinated." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 292 (2d Cir. 2021). We have explained that the applicable emergency rule adopted by the New York State Department of Health on August 26, 2021, 10 N.Y.C.R.R. § 2.61, and immediately effective, did not permit religious exemptions for covered "personnel," which included staff like Cagle who "engage[d] in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel[] [or] patients." *Id.* at 274. Though "[s]ection 2.61, on its face, d[id] not bar an employer from providing an employee with a reasonable *accommodation* that remove[d] the individual from the scope of the [r]ule," such as by altering her job duties so that she would not be covered by section 2.61, an employer could not "grant[] a religious *exemption*" from the vaccination requirement for covered personnel. *Id.* at 292 (first emphasis added).

Cagle nowhere alleges that she requested an accommodation that would have altered her job duties and removed her from the category of covered "personnel" defined by section 2.61. It bears noting that the district court, in its

6

first dismissal order, identified this deficiency and directed Cagle to address it in any subsequent pleading. *See Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 440 (S.D.N.Y. 2023). But Cagle's amended complaint merely indicates that she wanted to return to work in her prior position as a licensed practical nurse, which included a mix of administrative and patient-facing work. Because Weill Cornell could not have granted Cagle's request without violating section 2.61, the hospital's legal obligation necessarily defeats any inference of discrimination. As a result, the district court properly dismissed Cagle's Title VII claim.

## II. ADA

Title I of the ADA prohibits discrimination in employment "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). As with her Title VII claim, Cagle's ADA claim is premised on Weill Cornell's "failure to make a reasonable accommodation" concerning the COVID-19 vaccine. *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks omitted). But in order to state a failure-to-accommodate claim under the ADA, a plaintiff must first allege that she is "disabled within the meaning of the [act]." *See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). Cagle has made no such allegation.

The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (internal quotation marks omitted). One factor to consider in determining whether a major life activity is substantially limited includes the "duration or expected duration; and the existence of any actual or expected permanent or long term impact" of the impairment. *Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir. 2005). At most, Cagle alleges that she took a six-week medical leave, without providing any further details. This alone is not sufficient to show that she suffered from an impairment that "substantially limits one or more major life activities." *Woolf*, 949 F.3d at 93 (internal quotation marks omitted); *see also Colwell v. Suffolk Cnty. Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1998) ("The ADA requires an individualized inquiry beyond the mere existence of a hospital stay." (emphasis omitted)). Accordingly, the district court did not err in dismissing this claim.

* * *

8

We have considered Cagle's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court