*Kosiba v. Cath. Health Sys. of Long Island*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-four.

PRESENT:

        **MICHAEL H. PARK,**
        **EUNICE C. LEE,**
        **SARAH A. L. MERRIAM,**
            *Circuit Judges.*

_____

**Andrew Kosiba,**

          *Plaintiff-Appellant,*

      **v.**                                  **23-6**

**Catholic Health Systems of Long Island, Inc.,**

          *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Andrew Kosiba, pro se, South Setauket, NY. |
| **FOR DEFENDANT-APPELLEE:** | Daniel J. Palermo, Roy W. Breitenbach, Harris Beach PLLC, Pittsford, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Andrew Kosiba, proceeding pro se, filed suit under the Americans with Disabilities Act (ADA) against his former employer, Catholic Health Systems of Long Island, Inc. (CHSLI). Kosiba alleges that he was discriminated against based on a perceived disability for refusing to comply with COVID-19 testing and vaccination requirements, and was fired after filing a complaint based on his perceived disability. The district court adopted the magistrate judge's report and recommendation, dismissed Kosiba's second amended complaint for failure to state a claim for ADA discrimination or retaliation, and denied further leave to amend. Kosiba moved to set aside or vacate the district court's orders and, when that motion was denied, he timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a dismissal for failure to state a claim de novo. *See Vengalattore v. Cornell Univ.*, 36 F.4th 87, 101 (2d Cir. 2022). We accept Kosiba's factual allegations as true and draw all reasonable inferences in his favor. *See MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023). To avoid dismissal, "the complaint must provide enough facts to state a claim to relief that is plausible on its face." *Id.* (cleaned up). While we are required to assume the truth of "well-pleaded factual allegations," we need not credit legal conclusions, nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009). Nevertheless, we afford a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest

2

claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (cleaned up).

A.    ADA Discrimination

To state an employment discrimination claim under the ADA, a plaintiff must allege, among other things, that he was disabled or perceived to be disabled within the meaning of the ADA. *See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). "The ADA protects not just those employees who are actually disabled, . . . but also those who are discriminated against because they . . . are 'regarded as having such an impairment.'" *Sharikov v. Philips Med. Sys. MR, Inc.*, No. 23-407, 2024 WL 2820927, at *4 (2d Cir. June 4, 2024) (quoting 42 U.S.C. § 12102(1)(C)). To be regarded as having a disability, however, "one must be perceived as different from most people in the general population." *Id.* at *6.

Kosiba does not claim to have been disabled. Instead, he argues he was "regarded as" having a disability because CHSLI adopted a COVID-19 policy that "regarded all employees as direct threats of contagious disease(s) without any individualized assessment or diagnosis in evidence." Appellant's Br. at 13 (emphasis altered). On the basis of that perception, Kosiba argues, CHSLI required him to undertake "mitigation measures," up to and including vaccination, as a condition of employment. Supplemental App'x at 80. But CHSLI also required *all* employees whose jobs brought them into contact with other staff, patients, or residents to comply with its COVID-19 policy. Kosiba, then, "was not singled out because of any perception that he

had an impairment that substantially limited him as compared to others." *Sharikov*, 2024 WL 2820927, at *6. He thus cannot state an employment discrimination claim under the ADA.[1]

B.  ADA Retaliation

To state an ADA retaliation claim, a plaintiff "must show that he engaged in a protected activity, that he suffered an adverse employment action, and that a causal connection exists between that protected activity and the adverse employment action." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72-73 (2d Cir. 2019).

Kosiba alleges that CHSLI took an adverse employment action against him when it terminated his employment. He says he was "threatened with termination because [he] was deemed a 'direct threat' . . . because [he] was classified as 'unvaccinated' and declined accommodations." Supplemental App'x at 63. Kosiba also alleges that he engaged in protected activity, specifically that on September 27, 2021, he opposed CHSLI's COVID-19 policy by sending a "Notice of Employment Discrimination and Retaliation Based Upon Disability" to CHSLI's director of human resources. *Id.* at 82. But Kosiba fails to allege the required causal connection between his opposition to CHSLI's COVID-19 policy and his termination. CHSLI announced that covered employees who refused to be vaccinated would be furloughed, and then terminated, on or before September 24, 2021—three days before Kosiba complained about CHSLI's policy. "Thus, rather than show [Kosiba] was terminated because of his protected activity, the allegations in the Complaint make clear that he was fired because of his failure to

---

[1] To the extent that Kosiba argues that CHSLI's requirement to disclose his vaccination status was a forbidden, disability-related inquiry under 42 U.S.C. § 12112(d)(4)(A), that claim necessarily fails because Kosiba was neither disabled nor regarded as having a disability, and CHSLI never inquired into whether he had a disability.

4

comply with the company-wide vaccine policy." *Sharikov*, 2024 WL 2820927, at *8. And because the policy applied to all employees, Kosiba "has not plausibly pleaded a connection between his invocations of the ADA and his termination." *Id.*

\* \* \*

We have considered all of Kosiba's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5